(54 App. Div. 197.)

## MILLAR v. DOLL.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

ASSIGNMENT OF JUDGMENT—ADMISSIBILITY IN EVIDENCE—AUTHENTICATION.

In an action on a foreign judgment, which plaintiff claims under an assignment executed before a notary in the foreign country, evidence by plaintiff that he was a member of the firm recovering the judgment, and personally executed the instrument, authorizes its admission in evidence, whether or not it was properly authenticated.

Appeal from trial term.

Action by Charles Millar against William P. Doll. From a judgment for plaintiff entered on a verdict directed by the court, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

P. V. R. Van Wyck, for appellant.
James H. Cooper, for respondent.

PER CURIAM. The action is brought on a Canadian judgment recovered by C. Millar & Co. and Charles Millar at Toronto, against the defendant. Upon the trial the plaintiff offered in evidence an assignment of the judgment, executed by himself, and purporting to be acknowledged before a notary public for Ontario, to which was attached a certificate of the clerk of the county of York, in the province of Ontario, that the person taking the acknowledgment was a notary public, and "authorized by the laws of said province to take the acknowledgments and proofs of deeds or conveyances for land * * * in said province of Ontario." Objection was made to admitting this assignment in evidence on the ground that it was not properly authenticated, and the exception to the ruling admitting it in evidence presents the principal question urged upon this appeal. We do not think it is necessary to determine whether the assignment was or was not properly authenticated, for the reason that the plaintiff was present at the trial, was examined as a witness, and testified in his own behalf that he was a member of C. Millar & Co., and had personally executed the instrument. There was, therefore, before the court sufficient evidence taken before the notary, and the court properly admitted the paper in evidence. The further objection made that the assignment, being of a judgment in a court of record, is defective in not being signed and executed by each co-partner, was not raised at the trial, and need not, therefore, be considered on this appeal. As no question is presented other than the sufficiency and

validity of the assignment, we think that the disposition made by the court at the close of the case in directing a verdict for the plaintiff was right, and that the judgment should be affirmed, with costs.